IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRAVIS DAMON BURROUGHS,<br><br>　Plaintiff,<br><br>　v.<br><br>JUDGE MELISSA PHINN, et al.,<br><br>　Defendants. | Civil Action No.:  PX-22-1756 |

**MEMORANDUM ORDER**

Plaintiff Travis Damon Burroughs, a Maryland inmate, has requested to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Burroughs appears indigent, his request to proceed without prepayment of the filing fee is granted. However, for the reasons stated below, the Complaint must be dismissed.

Burroughs files this Complaint challenging events related to a criminal proceeding. *See* ECF No. 1-1. Burroughs alleges that prosecutor Robert Render "used [his] DNA illegally" in violation of the Fourth and Eighth Amendments. ECF No. 1 at 2. Additionally, he contends that jurors who "didn't want to be on the jury" and stated they had biases were allowed to sit on the jury. *Id.* Burroughs asserts Judges Melissa Phinn, Yolanda Tanner, and Wanda Keyes Heard forced him to pick twelve jurors out of the jury pool even though they were biased against him. *Id.* He seeks monetary relief. *Id.* at 3.

As noted, Burroughs filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that (i) is frivolous or malicious, (ii) fails to state a claim on which relief

may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations…It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

This cause of action cannot be maintained against Judges Phinn, Tanner, and Heard because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump*

*v. Sparkman,* 435 U.S. 349, 359 (1978)).  Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010).  Accordingly, the Complaint must be dismissed against the three judges.

Similarly, Defendant Render, a prosecutor, is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d211 (4th Cir. 1997).

Absolute immunity is designed to protect judicial process; thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process.  *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 423-23).  The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'"  *Nero*, 890 F.3d at 117-18 (quoting *Imbler*, 424 U.S. at 430).  The Fourth Circuit stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant*, Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431."

The decisions as to whether, when, and how to prosecute pertain to the role of advocate. Burroughs' allegations against Render are sparce; however, he seems to contest the use of his DNA

3

as it relates to his criminal trial. As the decision of which evidence to present at trial is prosecutorial in nature, absolute immunity applies to Burroughs' claim against Render. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Accordingly, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly, it is this 29th day of July, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii);
2. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;
3. The Clerk SHALL SEND a copy of the Memorandum Order to Burroughs; and
4. The Clerk SHALL CLOSE this case.

/S/
Paula Xinis
United States District Judge